## CARLOS CABRERA

*v.*

## SAN JUAN LIGHT & TRANSIT COMPANY.

San Juan, Law, No. 476.

1. In passing on the question of negligence by a trolley car company, the jury must consider the place where the accident occurred, the time of night, and the light or lack of light.
2. Electric cars must be under such control that they can be stopped within a reasonable distance after discovery of obstruction on the track.

Cabrera v. San Juan Light & T. Co.

'3. The car company and the owner of an automobile have equal rights on a public highway, and each must exercise care not to injure the other.

·4. The owner of an automobile stalled on a track must take reasonable precautions to prevent it from being struck by the electric car.

.5. The electric car company must keep a lookout, and must have its cars in good condition as to brakes, and not run them at an unreasonable speed.

Case tried November 5, 1907.

_Mr. F. H. Dexter_, attorney for plaintiff.

_Mr. Henry F. Hord_, attorney for defendant.

Instructions by RODEY, Judge:

## Statement.

The facts in this case were about as follows: Plaintiff's :automobile became stalled on defendant's trolley track in a narrow, sandy street at the foot of a considerable grade. It was facing down hill and away from the direction in which the trolley car came. Right at the moment it became stalled, :another automobile was standing beside it, outside the track, ¬with its headlights shining up the grade toward the direction from which the trolley car came. These headlights were so bright they obscured the red light of plaintiff's automobile. The evidence was conflicting as to the speed of the street car, it being contended, on the one hand, that it was going at an ordinary speed, and, on the other, that it was proceeding at an extraordinary speed. No one at first went up the track to signal

it to stop, but, when it had approached within about 150 feet of the two automobiles, some person did run up the track towards it, shouting, and making signs for the car to stop. The motorman either was going too fast to enable him to stop the car in this short distance, or did not notice the autos until he was too close, so that he ran into plaintiff's machine, and was considerably injured himself by the back of the body of plaintiff's auto, as it crashed in over the platform of the trolley car. Plaintiff's automobile was carried more than a hundred feet, and broken so badly that it was a total wreck.

Additional facts may be gathered from the instructions.

Rodey, Judge, omitting some of the formal parts, gave the following instructions to the jury:

This is a plain action for damages by the plaintiff against the defendant, the former alleging that, because of the negligence of the latter, he has been damaged in the sum of $3,000, in the manner indicated by the evidence. Under the law of Porto Rico, as well as the law of every state in the Union, every person who causes damage to another must respond therefor; and it is peculiarly the province of a jury to decide the questions of fact that establish or disprove the negligence for which a defendant can be held liable in such cases. Notwithstanding the considerable amount of evidence introduced before you in this cause, the main issues are quite simple. You must take into consideration the place where the accident occurred, the time of the evening, and the light or lack of light, and other conditions as shown you by the evidence.

The court instructs you that it is the duty of a street car company to maintain such control of its street cars as to be able

to stop them within a reasonable distance whenever it discovers,. or can discover, by the exercise of reasonable diligence, any obstruction on its tracks.

You are further instructed that the parties to this controversy had exactly equal rights on this highway, and that each was bound to exercise due care so as not to cause damage to the other.

You are instructed that it was the duty of this plaintiff, Mr.. Cabrera, on finding his automobile stalled on the trolley track,. to immediately take such precautions as might prevent damage being done to him from an approaching car; especially if any other conditions, such as darkness or lack of proper light, existed as to make it doubtful whether or not a trolley car approaching with proper equipment and under proper control could see him in time to stop.

You are further instructed that, if you believe, from a preponderance of the evidence, that the trolley car in question was either out of repair at the time, or was running at an unwonted and unreasonable rate of speed, so as not to be under proper control, and that, for such reason, it could not be stopped within a reasonable distance, so as to avoid the accident after the motorman discovered the obstruction, or could have discovered the obstruction, by the exercise of reasonable diligence, and that such facts were the proximate cause of the injury, then you should find for the plaintiff, and assess his damages at such amount, within the sum of $3,000, claimed in the complaint, as you may believe proper and reasonable under the evidence in he cause.

You are further instructed that, if you believe, from a preponderance of the evidence, that when the plaintiff's automobile was stalled on the track, the persons in charge thereof took all

Cabrera v. San Juan Light & T. Co.

proper measures to prevent the accident, and that, notwithstanding that being done, the accident occurred through the negligence of the defendant, either because its trolley car ran at an extraordinary rate of speed, and, for that reason, could not be stopped within a reasonable distance, or because of the actual personal negligence of the motorman in not keeping a proper lookout, or because of any of the machinery or appliances of the trolley car being out of repair, or for any of such reasons, then you should find for the plaintiff and assess his damages as aforesaid; provided you further find that the plaintiff in no manner contributed to such accident.

You are further instructed that, if you believe, from a preponderance of the evidence, that the plaintiff, on finding his automobile stalled on this car track, did not take all proper and reasonable precautions to avoid the accident, and that such was the proximate cause of the injury, then you should find for the defendant.

The court need hardly mention the fact, that both of these parties stand before you and before this court entitled to exactly equal rights at your hands and at the hands of the court without reference to their condition as to one being an individual and the other being a corporation, or as to the race or state to which either of them may belong. Those matters must cut no figure whatsoever.

The verdict was for the defendant.